# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: DNCW395CR000031-003 |
| CEDRIC LAMONT DEAN ) | USM No: 11907-058 |
| Date of Original Judgment: May 20, 1996 ) | |
| Date of Last Amended Judgment: September 16, 2009 ) | Claire Rauscher |
| | Defendant's Attorney |

**Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)**

Upon motion of ■ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED. ◉ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of __360 months__ **is reduced to** __324 months__.

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)

| | | | |
|---|---|---|---|
| Original Offense Level: | 43 | Amended Offense Level: | 39 |
| Criminal History Category: | III | Criminal History Category: | III |
| Original Guideline Range: | Life | Amended Guideline Range: | 324-405 |

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**
√ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.
  Other (explain):

**III. ADDITIONAL COMMENTS**
The court has sustained defendant's objection to the revised presentence report concerning drug quantity and in so doing notes the government's concurrence in that objection. While the government advocates no reduction based on Section 1B1.10, the court determines that the administrative remedies available to BOP are sufficient to penalize the post-imprisonment conduct outlined in the revised report, which may well include loss of good time credits. Otherwise, the disciplinary infractions are not of such an exceptional nature as to warrant denial of a within guidelines reduction, especially when considered alongside his educational and work achievements found at pages 2-3 of the revised PSR.

Except as provided above, all provisions of the judgment dated __May 20, 1996__ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: __August 16, 2012__

Signed: August 16, 2012

Effective Date: _____
(if different from order date)

Max O. Cogburn Jr.
United States District Judge